IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ORLANDO MARCELL MCDONALD                                              PLAINTIFF

v.                          Civil No. 2:20-cv-02098

DEPUTY TREVOR MASSEY;                                                 DEFENDANTS
SERGEANT KIM TAULBEE; and
NURSE COLLEEN MONTGOMERY

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable P. K. Holmes, III, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

### I. DISCUSSION

On March 1, 2021, Separate Defendants, Deputy Massey and Sergeant Taulbee, filed a Motion for Summary Judgment. (ECF No. 71). That same day, Separate Defendant, Nurse Montgomery, filed a Motion for Summary Judgment. (ECF No. 74). On March 2, 2021, an Order (ECF No. 77) was entered directing Plaintiff to file a response to the Motions for Summary Judgment by March 23, 2021. Plaintiff was advised that failure to respond to the Order would result in: (a) all the facts set forth by the Defendants in the summary judgment papers being deemed admitted by the Plaintiff, and/or (b) shall subject the case to dismissal, without prejudice.

Plaintiff did not file a response to the Motions for Summary Judgment by March 23, 2021. On March 26, 2021, a Show Cause Order (ECF No. 78) was entered. Plaintiff was given until

April 16, 2021, to show cause why he failed to obey the Order of the Court. Plaintiff was advised that if he failed to respond to the Show Cause Order the case shall be subject to dismissal.

To date, Plaintiff has not filed a response to the Motions for Summary Judgment or a response to the Show Cause Order. He has not requested an extension of time to file his responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders (ECF Nos. 77, 78).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II. CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b), the Plaintiff's Complaint (ECF No. 1) be DISMISSED WITHOUT PREJUDICE based on Plaintiff's failure to prosecute this case, his failure to obey the orders of the Court, and his failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of April 2021.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE